RANDY S. GROSSMAN
Acting United States Attorney
KYLE B. MARTIN
Assistant United States Attorney
California Bar No. 267013
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7726
Email: kyle.martin@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>MARIO ALBERTO MARRUFO MATA (2),<br>   aka "Alfil,"<br><br>          Defendant. | Case No. 16CR1996-02-WQH<br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, Acting United States Attorney, and Kyle B. Martin, Assistant United States Attorney, and Defendant Mario Alberto Marrufo Mata, aka "Alfil," with the advice and consent of David L. Baker, counsel for Defendant, as follows:

## I

### THE PLEA

Defendant agrees to plead guilty to Counts 1 and 6 of the Fourth Superseding Indictment charging Defendant with:

#### Count 1

> *knowingly and intentionally conspiring with others to distribute and cause the distribution of 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending and knowing that such cocaine would be unlawfully*

Def. Initials _____

imported into the United States; in violation of Title 21, United States Code, Sections 959 and 960.

Count 6

knowingly combining, conspiring, and agreeing with other persons to knowingly conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, Conspiracy to Possess With Intent to Distribute and to Distribute Controlled Substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and to transport, transmit, and transfer, a monetary instrument and funds involving the proceeds of specified unlawful activity, that is, Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846, from a place in the United States to and through a place outside the United States, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i); all in violation of Title 18, United States Code, Section 1956(h).

The Government agrees to (1) move to dismiss the remaining charges without prejudice when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charges unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this

2

Def. Initials _____

1  plea agreement is set aside for any reason. If Defendant breaches this
2  agreement or the guilty plea is set aside, section XII below shall
3  apply.

4      Defendant agrees that, following entry of Defendant's guilty plea,
5  the Government need not hold or preserve any evidence seized in
6  connection with this case. For any controlled substance seized in
7  connection with this case, Defendant agrees that, following entry of
8  Defendant's guilty plea, the Government may destroy the controlled
9  substance 30 days after the Government has provided Defendant with the
10 laboratory analysis report. If Defendant believes that additional
11 testing is needed, Defendant will arrange for and complete such testing
12 within that 30-day period, unless that period is extended by joint
13 written agreement or Court order, in which case the Government shall
14 preserve the controlled substance for the agreed-upon or judicially
15 mandated period. If the court has issued a preservation order in
16 connection with any seized evidence, Defendant will request that the
17 Court lift or revoke the preservation order following entry of
18 Defendant's guilty plea.

19     Defendant acknowledges that venue under Title 21, United States
20 Code, Sections 959 and 960 lies in the district "at the point of entry
21 where such person enters the United States." Defendant, for purposes of
22 this agreement, agrees to waive any challenge to venue.

23                                 II

24                     **NATURE OF THE OFFENSE**

25     A.   ELEMENTS EXPLAINED

26     The offenses to which Defendant is pleading guilty have the
27 following elements:

28                                 3

                                          Def. Initials _____

Count 1

(1) *There was an agreement between two or more persons to distribute a controlled substance outside the United States knowing and intending that the controlled substance would be imported into the United States;*

(2) *Defendant knew that the agreement had an unlawful object or purpose; and*

(3) *Defendant joined the agreement with the intent to further its unlawful object or purpose.*

Count 6

(1) *There was an agreement between two or more persons to commit money laundering;*

(2) *Defendant knew that the agreement had an unlawful object or purpose; and*

(3) *Defendant joined the agreement with the intent to further its unlawful object or purpose.*

B.   ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

(1) *From January, 2016, up to and including September, 2016, Defendant participated in a drug trafficking venture wherein he and others coordinated the transportation of more than 150 kilograms of cocaine from South America to Mexico, and ultimately the United States.*

(2)  *Defendant admits that he also coordinated the movement of drug proceeds from the United States to himself and his associates in Mexico and elsewhere. He admits that he did do so knowing that the money was drug proceeds. He further admits that that agreed to conduct transactions that were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of these drug trafficking proceeds.*

(3) *Defendant admits that he conspired to distribute over 150 kilograms of cocaine, and that such amount is attributable to him for sentencing purposes.*

4

Def. Initials _____

16CR1996-02-WQH

(4)  Defendant intended and had reasonable cause to believe
     that five kilograms or more of the cocaine shipment would
     be unlawfully transported into the United States.
(5)  Cocaine is a Schedule II controlled substance.

## III

### PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

#### Count 1

A.  a minimum of 10 years and maximum of life in prison;

B.  a maximum $10 million fine;

C.  a mandatory special assessment of $100 per count; and

D.  a term of supervised release of at least 5 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release.

#### Count 6

A.  a minimum 20 years in prison;

B.  a maximum $500,000 fine or twice the value of the monetary instrument or funds involved;

C.  a mandatory special assessment of $100 per count; and

D.  a term of supervised release of up to 5 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release.

5

Def. Initials _____

16CR1996-02-WQH

## IV
### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.   A speedy and public trial by jury;

C.   The assistance of counsel at all stages;

D.   Confront and cross-examine adverse witnesses;

E.   Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.   Not testify or have any adverse inferences drawn from the failure to testify.

Defendant has been advised by counsel and understands that because defendant is not a citizen of the United States, defendant's conviction in this case may have adverse immigration consequences, including defendant's removal or deportation from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

## V
### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if

6

Def. Initials _____

16CR1996-02-WQH

1  Defendant raised an affirmative defense, the Government would be
2  required to provide information in its possession that supports such a
3  defense. By pleading guilty Defendant will not be provided this
4  information, if any, and Defendant waives any right to this information.
5  Defendant will not attempt to withdraw the guilty plea or to file a
6  collateral attack based on the existence of this information.

## VI
### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.   No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.   Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII
### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's
Office for the Southern District of California, and cannot bind any
other authorities in any type of matter, although the Government will

7

Def. Initials _____

1  bring this plea agreement to the attention of other authorities if
2  requested by Defendant.

3                                    **VIII**

4                  **APPLICABILITY OF SENTENCING GUIDELINES**

5      The sentence imposed will be based on the factors set forth in 18
6  U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must
7  consult the United States Sentencing Guidelines (Guidelines) and take
8  them into account. Defendant has discussed the Guidelines with defense
9  counsel and understands that the Guidelines are only advisory, not
10 mandatory. The Court may impose a sentence more severe or less severe
11 than otherwise applicable under the Guidelines, up to the maximum in
12 the statute of conviction. The sentence cannot be determined until a
13 presentence report is prepared by the U.S. Probation Office and defense
14 counsel and the Government have an opportunity to review and challenge
15 the presentence report. Nothing in this plea agreement limits the
16 Government's duty to provide complete and accurate facts to the district
17 court and the U.S. Probation Office.

18                                    **IX**

19            **SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

20     This plea agreement is made pursuant to Federal Rule of Criminal
21 Procedure 11(c)(1)(B). The sentence is within the sole discretion of
22 the sentencing judge who may impose the maximum sentence provided by
23 statute. It is uncertain at this time what Defendant's sentence will
24 be. The Government has not made and will not make any representation
25 about what sentence Defendant will receive. Any estimate of the probable
26 sentence by defense counsel is not a promise and is not binding on the
27 Court. Any recommendation by the Government at sentencing also is not

28                                     8

                                              Def. Initials _____

                                              16CR1996-02-WQH

binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

**X**

**PARTIES' SENTENCING RECOMMENDATIONS**

A.   SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

|   |   |   |
|---|---|---|
| 1. | Base Offense Level [§ 2D1.1(c)] | 36 |
| 2. | 18 U.S.C. § 1956 conviction [2S1.1(b)(2)] | +2 |
| 3. | Acceptance of Responsibility [§ 3E1.1] | -3 |

B.   ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1.   Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2.   Falsely denies prior criminal conduct or convictions;

3.   Is untruthful with the Government, the Court or probation officer; or

9

Def. Initials _____

16CR1996-02-WQH

4.   Breaches this plea agreement in any way.

C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant   may   request   or   recommend   additional   downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553.

D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government will recommend that Defendant be sentenced to the low end of the advisory guideline range recommended by the Government at sentencing, after taking into account a variance equal to a downward departure of -2, based on Defendant's health and his contraction of and treatment for COVID-19. The Government also agrees to recommend that any custodial sentence run concurrent to the time the defendant spent in custody in the Republic of Mexico.

G.   SPECIAL ASSESSMENT/FINE

1.   Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 to be paid forthwith at time of

Def. Initials _____

16CR1996-02-WQH

sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

       2.   Fine

There is no agreement between the parties as to the recommendation of a fine.

    H.   SUPERVISED RELEASE

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

## XI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. The only exception is that Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised

11

Def. Initials _____

1 | despite awareness that the claim could be raised), cannot later be made
2 | to any court, and if later made to a court, shall constitute a breach
3 | of this agreement.

4 |      Defendant breaches this agreement if Defendant violates or fails
5 | to perform any obligation under this agreement. The following are non-
6 | exhaustive examples of acts constituting a breach:

7 |           1.   Failing to plead guilty pursuant to this agreement;
8 |           2.   Failing to fully accept responsibility as established in
9 |                Section X, paragraph B, above;
10 |          3.   Failing to appear in court;
11 |          4.   Attempting to withdraw the plea;
12 |          5.   Failing to abide by any court order related to this case;
13 |          6.   Appealing (which occurs if a notice of appeal is filed)
14 |                or collaterally attacking the conviction or sentence in
15 |                violation of Section XI of this plea agreement; or
16 |          7.   Engaging in additional criminal conduct from the time of
17 |                arrest until the time of sentencing.

18 |      If Defendant breaches this plea agreement, Defendant will not be
19 | able to enforce any provisions, and the Government will be relieved of
20 | all its obligations under this plea agreement. For example, the
21 | Government may proceed to sentencing but recommend a different sentence
22 | than what it agreed to recommend above. Or the Government may pursue
23 | any charges including those that were dismissed, promised to be
24 | dismissed, or not filed as a result of this agreement (Defendant agrees
25 | that any statute of limitations relating to such charges is tolled
26 | indefinitely as of the date all parties have signed this agreement;
27 | Defendant also waives any double jeopardy defense to such charges). In

28 |                                12

Def. Initials _____

16CR1996-02-WQH

1 addition, the Government may move to set aside Defendant's guilty plea.
2 Defendant may not withdraw the guilty plea based on the Government's
3 pursuit of remedies for Defendant's breach.

4     Additionally, if Defendant breaches this plea agreement: (i) any
5 statements made by Defendant, under oath, at the guilty plea hearing
6 (before either a Magistrate Judge or a District Judge); (ii) the factual
7 basis statement in Section II.B in this agreement; and (iii) any
8 evidence derived from such statements, are admissible against Defendant
9 in any prosecution of, or any action against, Defendant. This includes
10 the prosecution of the charge(s) that is the subject of this plea
11 agreement or any charge(s) that the prosecution agreed to dismiss or
12 not file as part of this agreement, but later pursues because of a
13 breach by the Defendant. Additionally, Defendant knowingly,
14 voluntarily, and intelligently waives any argument that the statements
15 and any evidence derived from the statements should be suppressed,
16 cannot be used by the Government, or are inadmissible under the United
17 States Constitution, any statute, Rule 410 of the Federal Rules of
18 Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and
19 any other federal rule.

20                     **XIII**

21        **CONTENTS AND MODIFICATION OF AGREEMENT**

22     This plea agreement embodies the entire agreement between the
23 parties and supersedes any other agreement, written or oral. No
24 modification of this plea agreement shall be effective unless in writing
25 signed by all parties.

26 //

27 //

28                                   13

Def. Initials _____

16CR1996-02-WQH

1

**XIV**

2

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

3      By signing this agreement, Defendant certifies that Defendant has

4 read it (or that it has been read to Defendant in Defendant's native

5 language). Defendant has discussed the terms of this agreement with

6 defense counsel and fully understands its meaning and effect.

7

**XV**

8

**DEFENDANT SATISFIED WITH COUNSEL**

9      Defendant has consulted with counsel and is satisfied with

10 counsel's representation. This is Defendant's independent opinion, and

11 Defendant's counsel did not advise Defendant about what to say in this

12 regard.

13                                      RANDY S. GROSSMAN
                                       Acting United States Attorney

14

15 DATED   11/8/2021

16                                  for  KYLE B. MARTIN
                                       Assistant U.S. Attorney

17

18 DATED  11/1/21

19                                      DAVID L. BAKER
                                       Counsel for Defendant

20 **IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER
PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE
ARE TRUE.**

21                          I have reviewed this document

22 DATED  11/1/21            in it's entirety with Mr MATA. He

23                                      MARIO ALBERTO MARRUFO MATA
                                       Defendant

24                          Understands the agreement and

25 Approved By:             Swears the facts are true and

26                              Corvect

27 JOSEPH SMITH
Assistant U.S. Attorney

28                                      14

                                            Def. Initials _____

                                       16CR1996-02-WQH